FILED
06/30/2023
Sandy Erhardt
CLERK
Gallatin County District Court
STATE OF MONTANA
By Greg Owens
DV-16-2023-0000827-WS
Ohman, Peter B.
1.00

Bridget W. leFeber
Berg Lilly, P.C.
One West Main Street
Bozeman, Montana 59715-4642
406-587-3181
406-587-3240 (Facsimile)

Attorney for Plaintiff

## MONTANA EIGHTEENTH JUDICIAL DISTRICT COURT
## GALLATIN COUNTY

| | |
|---|---|
| CHASE WHEELER,<br><br>Plaintiff,<br><br>v.<br><br>POLYMER 80, INC.,<br><br>Defendant. | Cause No. DV-16-2023-0000827-WS<br>The Honorable Peter B. Ohman<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Chase Wheeler, by and through his counsel of record, states as follows for his Complaint against the above-named Defendant Polymer80, Inc.:

### PARTIES

1. Plaintiff Chase Wheeler is a resident of Gallatin County, State of Montana.

2. Upon information and belief, Defendant Polymer80, Inc. ("Polymer") is a Nevada corporation.

### ALLEGATIONS CONCERNING JURISDICTION AND VENUE


EXHIBIT A

3. This Court has subject matter jurisdiction over this action.

4. This Court has personal jurisdiction over the parties in this matter.

5. Venue is proper in the Montana Eighteenth Judicial District Court, Gallatin County.

## ALLEGATIONS COMMON TO ALL COUNTS

6. Mr. Wheeler was hired by Polymer80 as a National Sales Representative on April 8, 2022. Mr. Wheeler worked to grow at Polymer80 by implementing sales programs, establishing pricing, and co-managing a National sale push to dealers and distributors across the country.

7. On October 23, 2022, Polymer80 entered into an Equity Purchase Agreement with a third party (the "Agreement"). As consideration for that Agreement, Polymer80 agreed as follows with respect to Mr. Wheeler's employment at Polymer80:

> Until the two-year anniversary of the Effective Date (10/3/22) Buyer agrees to maintain the employment of Chase Wheeler...with compensation and benefits which are no less than those provided to such employees through standard W-2 wages as of the Effective Date. Any other form of income these employees receive or have received from Buyer do not apply to this agreement. Buyer may not materially alter the responsibilities of such employees or require their relocation without the prior written consent of Seller. Notwithstanding the foregoing, this paragraph shall not prohibit Buyer from terminating the employment of any such employees for Cause. As used herein, "Cause" means (i) the employee's engagement in dishonesty, illegal conduct, or gross misconduct, which is, in each case, injurious to Buyer or its affiliates, (ii) the employee's embezzlement,

misappropriation, or fraud, whether or not related to the employee's employment with Buyer, or (iii) the employee's **willful** failure to perform his or her duties customarily performed by them. Any additional cause for termination, change in compensation, or change in benefits must be agreed upon in writing between Loran Kelley and Jeffrey Edwards.... (Emphasis added).

8. Thus, unless the conditions outlined in the Agreement were present, Polymer80 was required to maintain Mr. Wheeler in its employ until October 3, 2024.

9. Without warning on May 9, 2023, Mr. Wheeler received notice his employment had been terminated.

10. The termination letter states: "[t]his decision has been made due to performance concerns. Specifically, your failure to meet the performance targets and standards set for your position has had a negative impact on the sales team and Polymer80 Inc."

11. The stated reasons for Mr. Wheeler's discharge were pretextual. Upon information and belief, the lowest producing salesperson was maintained in Polymer's employment.

12. The stated reasons for Mr. Wheeler's discharge do not reflect a willfull failure to fulfill duties as required by the Agreement.

13. Mr. Wheeler did not willfully fail to fulfill duties at Polymer.

### FIRST CLAIM FOR RELIEF – WRONGFUL DISCHARGE

14. Mr. Wheeler re-alleges the allegations contained in the preceding paragraphs.

15. Polymer discharged Mr. Wheeler from his employment without good cause.

16. Polymer's discharge of Mr. Wheeler constitutes a violation of Montana's Wrongful Discharge Act.

17. As a result of Polymer's wrongful discharge of Mr. Wheeler, he has suffered, and will continue to suffer, damages in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF – BREACH OF AGREEMENT

18. Mr. Wheeler re-alleges the allegations contained in the preceding paragraphs.

19. Mr. Wheeler was an intended third-party beneficiary of the Agreement.

20. Polymer terminated Mr. Wheeler, claiming that Mr. Wheeler failed "to meet the performance targets and standards set for your position has had a negative impact on the sales team and Polymer80 Inc." These stated reasons are not embezzlement, misappropriation, fraud, or a willful failure to perform his duties as required by the Agreement.

21. Polymer's termination of Mr. Wheeler constitutes a breach of the Agreement.

22. As a result of Polymer's Breach of Agreement, Mr. Wheeler has suffered damages in an amount to be determined at trial.

## REQUEST FOR RELIEF

WHEREFORE, Chase Wheeler respectfully requests the Court to grant the

following relief against Defendant Polymer80, Inc. as follows:

1. For all damages allowed by Montana's Wrongful Discharge Act, including the sum of four years of wages and fringe benefits.

2. For damages for breach of contract.

3. For interest as may be allowed by law.

4. For such other relief as the Court may deem just and proper.

DATED this 30th day of August, 2023.

BERG LILLY, P.C.

By: _____
Bridget W. leFeber
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff Chase Wheeler demands a trial by jury on all issues so triable.

DATED this 30th day of August, 2023.

BERG LILLY, P.C.

By: _____
Bridget W. leFeber
Attorneys for Plaintiff